```
                  IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF PENNSYLVANIA


IN RE: ASBESTOS PRODUCTS          :    Consolidated Under
LIABILITY LITIGATION (No. VI)     :    MDL DOCKET NO. 875
                                  :
                                  :
WILLIAM AND CAROL CURTIS          :
                                  :
                                  :
     v.                           :    Civil Action No. 10-cv-02863
                                  :
                                  :
                                  :    Case originally filed in the
PNEUMO ABEX CORP., ET AL.         :    Eastern District of
                                  :    Pennsylvania
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                August 9, 2011

      Before the Court are Motions for Summary Judgment filed by Defendants Pneumo Abex LLC, Brake Systems, Inc., Kelsey-Hays Co., and Honeywell International (together "Moving Defendants") in the above-captioned case.

**I.   BACKGROUND**

      Plaintiffs, William Curtis and Carol Curtis, commenced the instant action in the Philadelphia Court of Common Pleas on May 12, 2010, alleging injuries due to asbestos exposure.  On September 3, 2009, Plaintiff William Curtis ("Mr. Curtis") was diagnosed with lung cancer.  The case was subsequently removed to the Eastern District of Pennsylvania and became a part of MDL 875

In Re: Asbestos on June 12, 2010. Mr. Curtis was deposed on June 17, 2010.

Mr. Curtis was employed as a parts clerk at Goldring Motors in Brooklyn, New York from 1960-1967. Goldring Motors was an official dealership for Dodge[1] and Volvo automobiles, and had a mechanics division. (Pl.'s Resp., at 2.)

Mr. Curtis was not a mechanic at Goldring Motors, but alleges that he physically handled brakes and was present while brake work occurred. His job was to pick up brake sets and deliver them to one of the nine service bays. (Id. at 3.) After the brake work was completed, mechanics would bring him the used brakes. (Id.) He was responsible for cleaning used brake sets on at least a monthly basis, and sometimes up to three times a week. (Id. at 26.) He performed this work in a 10ft by 10ft windowless room and testified that afterwards, "I used to go upstairs sometimes and have to brush myself from head to foot with dust and brush myself off. There's a door, once you get to the top of the stairs, to go outside, and I'd have to go outside and just brush myself off. And you'd go home dirty, too, sometimes." (Id. at 19, quoting Curtis De Bene Esse Dep. 69:17-22.)

Moving Defendants were suppliers of brake linings and/or brake assemblies to Chrysler during the relevant time

---

[1] Dodge is owned by Chrysler Group LLC ("Chrysler").

period.  Moving Defendants' products were incorporated into "Mopar" brakes, Mopar being shorthand for Chrysler-manufactured parts that are used in the construction of new automobiles.  It was not possible, when handling a MoPar brake, to know which company had manufactured the asbestos-containing component therein.  During the relevant time period in the instant case, 1959-1967,[2] Chrysler had approximately thirteen (13) suppliers of asbestos-containing brake components that were used to make Mopar brakes.  (Def. Pneumo Abex's Reply, doc. no. 36, at 7.)

Therefore, because of the nature of Mopar brakes, Mr. Curtis was not able to identify the manufacturers responsible for supplying the asbestos-containing parts that he cleaned from Mopar brake assemblies.[3]  Plaintiffs aver that the evidence of Moving Defendants' sale of asbestos-containing products to Chrysler during the relevant time period, combined with Mr. Curtis's extensive exposure testimony, gives rise to a genuine issue of material fact.

---

[2]  The relevant time period begins one year prior to the start of Mr. Curtis's employment at Goldring motors in 1960, as Mr. Curtis would have come in contact with cars made in 1959 that were covered under the 1-year warranty.

[3]  Mr. Curtis did identify working with two specific brands of brakes, Bendix and Raybestos, during his employment at Goldring.  However, this was in connection with non-Dodge brake replacements, and there is no evidence of frequency, regularity, and proximity with respect to these specific Defendants. (Curtis Dep., doc. no. 26-2, at 41:1-8.)

**II. DISCUSSION**

    A.   <u>Legal Standard</u>

When evaluating a motion for summary judgment, Federal Rule of Civil Procedure 56 provides that the Court must grant judgment in favor of the moving party when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact . . . ." Fed. R. Civ. P. 56(c)(2). A fact is "material" if its existence or non-existence would affect the outcome of the suit under governing law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). An issue of fact is "genuine" when there is sufficient evidence from which a reasonable jury could find in favor of the non-moving party regarding the existence of that fact. <u>Id.</u> at 248-49. "In considering the evidence the court should draw all reasonable inferences against the moving party." <u>El v. SEPTA</u>, 479 F.3d 232, 238 (3d Cir. 2007).

"Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by showing – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof." <u>Conoshenti v. Pub. Serv. Elec. & Gas Co.</u>, 364 F.3d 135, 140 (3d Cir. 2004) (quoting <u>Singletary v. Pa. Dep't of Corr.</u>, 266 F.3d

4

186, 192 n.2 (3d Cir. 2001)).  Once the moving party has discharged its burden the nonmoving party "may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in [Rule 56] – set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2).

      B.    <u>Product Identification under Pennsylvania Law</u>[4]

Under Pennsylvania law, a plaintiff must establish, as a threshold matter, "that [his or her] injuries were caused by a product of the particular manufacturer or supplier." <u>Eckenrod v. GAF Corp.</u>, 544 A.2d 50, 52 (citing <u>Wible v. Keene Corp.</u>, No. 86-4451, 1987 WL 15833 at *1 (E.D. Pa. Aug. 19, 1987)(in order to defeat defendant's motion, plaintiff must present evidence showing that he or she was exposed to an asbestos product supplied by defendant)).  Beyond this initial requirement, a plaintiff must further establish that they worked with a certain defendant's product with the necessary frequency and regularity, and in close enough proximity to the product, to create a genuine issue of material fact as to whether that specific product was a

---

[4] Plaintiffs assert that Pennsylvania law applies to the claims against the moving Defendants.  Defendants have not briefed the choice of law issue, or provided support for their conclusory assertion that New York law applies.  Under these circumstances, Plaintiffs' choice of law will be followed.

substantial factor (and thus the proximate cause) of plaintiff's asbestos related condition.  Eckenrod, 544 A.2d at 52-53.

In addition to articulating the "frequency, regularity and proximity" standard, Eckenrod also held that "the mere fact that appellees' asbestos products came into the facility does not show that the decedent ever breathed these specific asbestos products or that he worked where these asbestos products were delivered."  Id. at 53.  Gregg v. VJ Auto Parts, Co., 943 A.2d 216 (Pa. 2007), further upheld the discretion of the trial court in evaluating the evidence presented at the trial stage, ruling that

> we believe it is appropriate for courts, at the summary judgment stage, to make a reasoned assessment concerning whether, in light of the evidence concerning frequency, regularity, and proximity of a plaintiff's . . . asserted exposure, a jury would be entitled to make the necessary inference of a sufficient causal connection between the defendant's product and the asserted injury.

Id. at 227.  The Gregg court adopted a fact sensitive approach regarding the sufficiency of product identification evidence.  Moreover, "the plaintiff's exposure to each defendant's product should be independently evaluated when determining if such exposure was a substantial factor in causing the plaintiff's injury."  Tragarz v. Keene Corp., 980 F.2d 411, 425 (7th Cir.

6

1992)(discussed by Gregg court in setting out the product identification criteria in Pennsylvania).

    C.    Moving Defendants' Motion for Summary Judgment

Moving Defendants assert that Plaintiffs have failed to raise a genuine issue of material fact as to whether each Moving Defendant's specific product caused Mr. Curtis's injuries. Plaintiffs respond that because it is undisputed that these Defendants were suppliers during the relevant time period, and they can show close proximity, regular and frequent exposure to finished Mopar brakes, it is for a jury to determine whether each Moving Defendant's product was the proximate cause of Mr. Curtis's injuries.

However, under Pennsylvania law, when multiple suppliers are responsible for an identical product, Plaintiffs must come forward with evidence of exposure to a "specific" Defendant's product.  Eckenrod, 544 A.2d at 53.

This Court "appreciate[s] the difficulties facing plaintiffs in this and similar settings, where they have unquestionably suffered harm on account of a disease having a long latency period and must bear a burden of proving specific causation."  Gregg, 943 A.2d at 227.  Nevertheless, it is appropriate for courts to ensure that "a jury would be entitled to make the necessary inference of a sufficient causal connection

between the defendant's product and the asserted injury." (<u>Id.</u>)

In the instant cases, the Court finds that a jury would not be able to make the causal inference with respect to each individual Moving Defendant. On the record presented, a jury would not be able to determine, apart from impermissible speculation, that Mr. Curtis was exposed to any particular Moving Defendant's product in close proximity and on a frequent and regular basis. It is simply not possible, based on the nature of Moving Defendant's products, to ascertain whether Mr. Curtis was exposed to each Moving Defendant's product on a hundred occasions, on one occasion, or on no occasions. While Plaintiffs aver that this uncertainty amounts to a genuine issue of material fact and is a question for the jury, the Court finds no reasonable jury could answer the question with a finding that any particular Moving Defendant caused Mr. Curtis's injuries.

### III. CONCLUSION

Under these circumstances, Moving Defendants are entitled to summary judgment.